Submitted on brief December 2; affirmed December 13, 1932

## HOPWOOD *v.* HOPWOOD

(16 P. (2d) 638)

*Philip Hammond,* of Oregon City, for appellant.

*O. D. Eby,* of Oregon City, for respondent.

CAMPBELL, J. This is an appeal from a decree of divorce.

The only error assigned is that the court erred in permitting a reply to be filed to an answer and counterclaim after the time, limited by law, had expired, and after the evidence had been all submitted.

The record discloses that plaintiff, an inhabitant of the state of Oregon, brought this suit against defendant, a resident of the state of Illinois, alleging facts amounting to cruel and inhuman treatment.

In due time, defendant appeared and filed her answer, being a general denial and a counterclaim in which she alleged facts amounting to cruel and inhuman treatment and desertion. She alleges, in effect,

that plaintiff, Hopwood, as a husband, was no good, and she, as a wife, was too good, a fact that Hopwood took advantage of and abused her good and plenty; that the hop she made into the matrimonial yoke with Hopwood turned out to be a very bad hop indeed. She then prayed for relief in the alternative, either that she be awarded attorney's fees, costs and $40 per month as separate maintenance, or a decree of divorce with costs and attorney's fees, a lump sum of $350 as alimony and a further allowance as alimony of $50 per month, for one year from the date of the decree (separate maintenance preferred).

Thereafter plaintiff's attorney prepared a reply to the answer and counterclaims, but neglected to file it in court. Having a working knowledge of attorneys, we use the word "neglected" advisedly. Thereafter, by stipulation a commission was issued to take depositions in behalf of defendant. The depositions were returned to the court on October 14, 1931, and thereupon the case was set for trial for October 29, 1931. After plaintiff introduced his evidence and defendant presented her depositions, and the defendant put in his rebuttal testimony and the court announced his decision and was about to sign a decree, "just like that," the discovery was made that the reply had not been filed. Plaintiff's counsel served the counsel for defendant with a copy of the reply and offered to file the original in court instanter, contending vigorously that it should be filed as a matter of right. Defendant's counsel just as strenuously opposed the filing and protested most forcefully that it was offered too late. He further claimed that his client could and would have presented further evidence had she been advised that plaintiff would deny the charges in her counterclaim.

We reiterate our working knowledge of attorneys and have used the word "claimed" advisedly. No motion had been made for default for failure to file a reply. No motion was made for a continuance to enable defendant to produce her "claimed evidence."

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act done after the time limited by this code * * *". Oregon Code 1930, § 1-907.

This section has been passed upon many times; see the citations under it in the code.

After each counsel had his inning on the above motion, the court exercised a wise judicial discretion and permitted the reply to be filed and entered the decree.

It was probably error on the part of both plaintiff and defendant to have entered into the connubial adventure, as it proved a failure, "some marriages are like that," but the court committed no error in the dissolution of the contract.

The decree of the circuit court will be affirmed without costs to either party in this court.

It is so ordered.